## Lizzie B. LeCrone, Executrix of the Last Will and Testament of Albert W. LeCrone, Deceased, v. A. J. Worman.

1. MASTER'S SALES—*When Not to be Set Aside.*—Where property sold by a master in chancery is present at the sale, so that bidders can see what is offered, and there is no evidence tending to show that any deception was practiced so as to mislead purchasers, the sale is properly confirmed.

Bill to Settle a Partnership.—Appeal from the Circuit Court of Effingham County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

R. C. HARRAH, E. N. RINEHART and B. F. KAGAY, attorneys for appellant.

WRIGHT BROTHERS and WOOD BROTHERS, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The facts in this case in brief are, that January 1, 1882, the appellee and Albert W. LeCrone formed a partnership in the abstract and real estate business, which continued until September 1, 1890, when the firm was dissolved by agreement, but no settlement made of their affairs. In December, 1890, LeCrone died, and appellant was appointed administratrix of the estate. She filed a bill for an accounting, etc., and on the 2d day of November, 1893, a decree was entered, by agreement of the parties, that all chattel property mentioned in inventory, attached to complainant's bill, including one tract index (W. C. LeCrone) three tract indexes (Brady's), one plat book and abstract index, and two abstract books proper, except two horses, a single buggy and set of double harness, the title to which is in controversy, be sold at public vendue, to the highest bidder, on terms fixed, part cash and part on time; that the parties to the suit be permitted to bid at the sale.

On December 1, 1893, the said abstract books above named were sold to complainant for the sum of $2,200, and she took and retains possession thereof. However, before furnishing security for the deferred payments, on December 9, 1893, she served the special master, who made the sale, with a written notice to the effect that she had not received all the abstract books of said firm, and that she was entitled to the pencil minutes of records made by said firm, and particularly a "Patent Numerical Tract Index," described in the inventory and notice of sale as one plat book and abstract index, which said Worman claimed now as his individual property; that if the master could not deliver to her said property so demanded, notice was given that proceeds of bid were to be held in escrow until the court could determine the question, when, if such property was awarded to her, she desired the sale to be confirmed, otherwise that the proceeds be returned and a resale ordered.

The appellant filed what is termed a supplemental bill to settle partnership, alleging the foregoing facts in substance and stating that when she made her bid she believed she

was buying all the abstract books and abstract property belonging to said firm; that the "Patent Numerical Tract Index" was the most valuable book in the entire set of abstract books, and was in fact embraced under the description in the decree and notice of sale of "Abstract Index;" that Worman also retained a miscellaneous reference book to sales, power of attorney, etc., and also said pencil memoranda. The prayer of the bill was that the court would hear evidence and determine whether said books and memoranda were firm property, and if so, order same delivered to her, otherwise, that she be relieved of her bid and a resale ordered. Evidence was taken, and on hearing the court found and decreed that said property above named in controversy was the individual property of A. J. Worman, the defendant, and that the sale of December 1, 1893, was in all respects made and conducted according to law, and the sale then made was confirmed, from which decree this appeal was taken.

It is apparent that the questions raised by this alleged supplemental bill relate wholly to questions of fact, viz., whether said property in dispute was firm or individual property. The appellant made the bid at the sale in her individual capacity, and this bill was filed to enforce the alleged personal rights thus acquired. Hence, the point made that defendant could not testify to certain matters objected to is not considered well taken. The court, however, admitted such evidence under objection, but there was other concededly competent evidence to show that the deceased member of the firm had admitted, during his lifetime, that said "Patent Numerical Tract Index" belonged to defendant. The written bill of sale shows that it represented a patent system, or at least pretended to, under the name of "Wilson & Siddall's System of Tract Index," which, on September 21, 1881, before the partnership was formed, was "sold to A. J. Worman, with exclusive right to use Wilson & Siddall's system of tract index, to deed, decree and judgment records in county of Effingham, Illinois, only," in consideration of $150. This book was not sold to the firm, and

was not included in the decree or notice of sale, as the evidence clearly shows.

None of the property in dispute was present at the sale, or offered for sale. The books sold were present and exhibited, and in a sense explained. The appellant was present and represented by her attorneys. They could readily see what was offered for sale. There is no evidence tending to show there was any deception practiced so as to mislead appellant, or her counsel. The evidence, in our judgment, sustains the findings of the court, and the decree is affirmed.